jms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HUTTON CONTRACTING CO., INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-4130-JAR |
| ) | |
| CITY OF COFFEYVILLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **ENTRY OF JUDGMENT**

The jury rendered a special verdict in this case on January 28, 2005. At that time, the Court invited the parties to submit briefs on the judgment that should be entered in light of the jury's special verdict. The parties have submitted briefs and the Court is prepared to rule. For the reasons stated below, the Court enters a judgment for plaintiff Hutton Contracting Co., Inc., (Hutton) in the amount of $24,659.47.

Both defendant City of Coffeyville (the City) and Hutton agree that, if the Court accepts all the answers given by the jury in the Special Verdict Form, a judgment of $24,659.47 in favor of Hutton would result. Hutton suggests that the Court should reject the jury's verdict because it "reflect[s] confusion by the jury." Inexplicably, though, Hutton urges the Court to accept the jury's verdict regarding the City's breach of the duty of good faith and fair dealing. On the other hand, the City argues that the jury's finding on the issue of good faith is not supported by the evidence. In addition to disagreeing on the treatment of the jury's finding of breach of the duty of good faith, the parties disagree on whether prejudgment interest should be awarded. The Court discusses each issue in turn.

**Confusion of Jurors**

Hutton surmises that because the jurors presented the Court with questions during their deliberations, the jurors did not understand the number of liquidated damage days that would be assessed, and therefore, were unable to accurately determine the number of potential liquidated damage days that Coffeyville should lose due to its conduct. Pursuant to the Special Verdict Form, the jury was asked to determine and did determine the number of days that the City should not recover liquidated damages due to a breach of the duty of good faith and fair dealing. The juror notes to which Hutton refers reveal that the jury was attempting to fix a monetary damage award, instead of answering the questions presented. The Court instructed the jury that the Special Verdict Form did not ask for a monetary amount, but rather a number of days. Shortly thereafter, the jury returned a verdict for Hutton. The Court cannot conclude that this evidence shows that the jury's ultimate verdict was the product of confusion. Instead, it is apparent that the jury only rendered a verdict after its original misconceptions were corrected by the Court.

**Implied Duty of Good Faith**

In spite of the jury's determination that the City breached its duty of good faith and fair dealing, the City avers that there was insufficient evidence to support the jury's finding of a breach of good faith, and that Hutton's judgment should be reduced accordingly. Hutton, on the other hand, urges the Court to treat the City's breach of good faith and fair dealing as a "material breach, which should bar the City from recovery of liquidated damages."

Kansas law imposes upon parties an implied agreement that they will act in good faith and fair

dealing throughout the performance of the contractual obligations assumed by both[1]  The duty of good faith has been defined as honesty in fact.[2]  "The purpose of the good faith doctrine is to protect the reasonable expectations of the parties."[3]  Pursuant to the duty of good faith, parties shall not "intentionally and purposely do anything to prevent the other party from carrying out his part of the agreement, or do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."[4]  Whether a party breached its implied duty of good faith is a question of fact.[5]

      The City argues that there was insufficient evidence to support the jury's verdict.  The Court disagrees.  Hutton presented evidence that the City interfered in Hutton's timely completion of the project by not responding to requests for extensions due to weather delays.  In addition, Hutton presented evidence that it thought it had finished the project and sent documentation to the City showing that it had finished the project, but the City waited for months to respond to the documentation.  And, when the City did respond, it alleged that the project was not yet completed and sought additional liquidated damages.  Hutton also suggested that the City withheld crucial close out documents necessary to complete the project, and ignored requests for the documents until threatened

---

[1]*Morriss v. Coleman Co., Inc.*, 738 P.2d 841, 849 (Kan. 1987) (excepting employment-at-will contracts from the duty of good faith and fair dealing).

[2]*Gillenwater v. Mid-Am. Bank & Trust Co.*, 870 P.2d 700, 704 (Kan. Ct. App. 1994).

[3]*Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) (applying Kansas law).

[4]*Daniels v. Army Nat'l Bank*, 822 P.2d 39, 43 (Kan. 1991).

[5]*St. Catherine Hosp. v. Rodriguez*, 971 P.2d 754, 765 (Kan. Ct. App. 1998).

with legal action.  The jury obviously found this evidence persuasive and concluded that the City breached its duty of good faith.  Taken together, this evidence is sufficient to support the jury's verdict.

Hutton argues that the City's breach of its duty of good faith and fair dealing precludes the City from recovering any liquidated damages.  No cases cited by Hutton, however, support this argument.  The only case interpreting Kansas law that Hutton cites is *Busch v. McGinnis*,[6] an unpublished case, which deals not with the implied duty of good faith, but rather with conditions precedent and legal impossibility.  No condition precedent has been identified by Hutton in this case.  Nor has Hutton ever claimed that performance was impossible as a result of the City's conduct.  Hutton directs the Court to *Stahl v. Sun Microsystems, Inc.*,[7] which involved an express duty of good faith, not an implied duty of good faith.  The other cases cited by Hutton are similarly inapplicable and unpersuasive.  The Court agrees that the City may not profit from its breach of the duty of good faith.  Consequently, the City will not be entitled to the $500 a day liquidated damages amount for those twenty-three days of delay attributable to the City's conduct.  The City is, however, entitled to liquidated damages due to Hutton's untimely completion of the project that are unrelated to the City's breach of the duty of good faith.

**Prejudgment Interest**

The City argues that the Court should not award prejudgment interest because the damages in this case were unliquidated.  Conversely, Hutton asserts that its claim was liquidated and that it is entitled to prejudgment interest.

---

[6]No. 59,647, 1987 Kan. Lexis 377, at *9 (Kan. June 12, 1987).

[7]19 F.3d 533, 537 n.1 (10th Cir. 1994) (interpreting Colorado law).

The general rule of law in Kansas is that prejudgment interest is allowable on liquidated claims.[8] "A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same becomes definitely ascertainable by mathematical computation."[9] The fact that a good faith controversy exists as to whether the defendant is liable for the money does not preclude a grant of prejudgment interest.[10] The award of prejudgment interest under K.S.A. 16-201 is a matter of judicial discretion subject to being overturned on appeal only when there is an abuse of discretion.[11]

The Court concludes that the damages due to Hutton are unliquidated damages. The liquidated damages clause of the Contract in this case provided:

> **Section 2. Liquidated Damages**. The time of the Completion of Construction of the Project is of the essence of the Contract. Should the Bidder neglect, refuse or fail to complete the construction within the time herein agreed upon, after giving effect to extensions of time, if any, herein provided, then, in that event and in view of the difficulty of estimating with exactness damages caused by such delay, the Owner shall have the right to deduct from and retain out of such monies which may be then due, or which may become due and payable to the Bidder, the sum of **FIVE HUNDRED DOLLARS ($500.00)** per day for each and every day that such construction is delayed on its completion beyond the specified time, as liquidated damages and not as a penalty; if the amount due and to become due from the Owner to the Bidder is insufficient to pay in full any such liquidated damages, the Bidder shall pay to the Owner the amount necessary to effect such payment in full: Provided, however, that the Owner shall promptly notify the bidder in writing of the manner in which the amount retained, deducted or claimed as liquidated damages was computed.

---

[8] *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1010 (10th Cir. 1993); K.S.A. § 16-201.

[9] *Kilner v. State Farm Mut. Auto. Ins. Co.*, 847 P.2d 1292, 1300 (Kan. 1993).

[10] *Crawford v. Prudential Ins. Co.,* 783 P.2d 900, 909-10 (Kan. 1989).

[11] *See Green Constr. Co.*, 1 F.3d at 1010.

Under the contract, then, Hutton was not entitled to the full $110,159.47 contract retainage because of its untimely completion of construction.  Rather, the $110,159.47 retainage was to be reduced $500 per day for every day of delay beyond the agreed upon completion of construction date.  In this case, the date of completion of construction was not ascertainable until after the jury rendered a verdict.  Nor, for that matter, were the construction commencement date or the number of days of delay attributed to poor weather known until after the jury's determination.  Thus, the Court concludes that the amount due to Hutton was not definitely ascertainable by mathematical computation until after the jury returned answers to the Special Verdict Form.[12]  Consequently, Hutton's claim is an unliquidated claim, and prejudgment interest shall not be awarded.

To summarize, the Court enters judgment for Hutton in the amount of $24,659.47.  Pursuant to the jury's answers to the Special Verdict Form, the City is entitled to withhold liquidated damages in the amount of $85,500.00 from the contract retainage.  This liquidated damages figure is computed as follows:

- 75 days of delay from August 9, 2000 to October 23, 2000

*Plus*
- 119 days of delay from January 5, 2001, the day construction should have been completed, and May 4, 2001, the date construction was actually completed

*Subtotal*
- 194 days of delay

*Less*
- 23 days for which liquidated damages should not be recovered because of the City's breach of its duty of good faith and fair dealing

*Total*
- 171 total days of delay (171*500) = 85,500.00

---

[12]*See id.* (damages were unliquidated because the amount was disputed throughout trial and required a jury determination).

The judgment for Hutton is thus the retainage ($110,159.47) less the liquidated damages (85,500.00) or $24,659.47.

**IT IS THEREFORE ORDERED BY THE COURT** that judgment is entered for Hutton in the amount of $24,659.47.

IT IS SO ORDERED.

Dated this  10th  day of May 2005.

         S/ Julie A. Robinson
        Julie A. Robinson
        United States District Judge